```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

PETER LUCIANO,
on behalf of himself and all others similarly
situated,

                    Plaintiff,

                                                    05-CV-6463T

                    v.                           **DECISION**
                                                    **and ORDER**

THE EASTMAN KODAK COMPANY,

                  Defendant.
_____


## INTRODUCTION

Plaintiff, Peter Luciano, ("Luciano") brings this action for declaratory relief and monetary damages on behalf of himself and all others similarly situated, claiming that the defendant Eastman Kodak Company ("Kodak") violated his and other putative plaintiffs' rights under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), New York labor law, the labor and wage laws of other states, and breached several employment contracts.

Kodak moves to dismiss the Complaint in-part, and to strike portions of the Complaint. Although Kodak does not move to dismiss plaintiff's federal collective action claim under the FLSA, defendant seeks to dismiss plaintiff's New York State Labor Law claims on grounds that plaintiff may not maintain a class action under New York Law. Kodak moves to dismiss plaintiff's wage and

contract claims pursuant to the laws of states other than New York on grounds that plaintiff lacks standing to pursue such claims, and that the court should decline to exercise supplemental jurisdiction over those claims. Kodak contends that because plaintiff seeks relief pursuant to the laws of 34 states and territories with respect to his wage claims, and 49 states and territories with respect to his contract claims, the court should not exercise jurisdiction over those claims because they would predominate over plaintiff's federal claim. Kodak also contends that plaintiff may not maintain a class action under the laws of the several states because the purported class fails to comply with the class-requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. Kodak further moves to dismiss those portions of the Complaint seeking injunctive relief on grounds that plaintiffs are not entitled to such relief as a matter of law. Additionally, defendant moves to strike the plaintiff's proposed class certification form titled "Consent to Become a Party Plaintiff" pursuant to Rule 12(f) because it is substantively inaccurate.

Finally, Kodak moves to transfer this case to the Honorable Charles Siragusa because he is the assigned judge for a similar case in which plaintiff Luciano is also the class representative. Plaintiff opposes all of Kodak's motions.

For the reasons set forth below, I grant defendant's motion to dismiss plaintiff's class allegations pursuant to New York state

law; grant defendant's motion to dismiss plaintiff's claims pursuant to the wage and labor laws of states other than New York; grant defendant's motion to dismiss plaintiff's contract claims pursuant to the laws of states other than New York; grant defendant's motion to dismiss claims for injunctive relief; deny as premature defendant's motion to dismiss plaintiff's proposed claim form; and deny defendant's motion to transfer this case to Judge Siragusa.

## BACKGROUND

In 1976 Peter Luciano began his employment with Kodak in Rochester, New York as a Technical Support Specialist in the Health Group Organization. On May 3, 2004, Luciano's position was eliminated as part of a reduction in Kodak's work force. Less than one year later, however, Luciano became employed by Burns Personnel ("Burns"), a personnel service which supplies workers to various employers including Kodak. On March 7, 2005, Luciano was assigned to work at Kodak in Rochester, New York Kodak providing technical support. Although Luciano worked at a Kodak location, he was employed by Burns, and was supervised by a Burns employee.

## PROCEDURAL HISTORY

On April 28, 2004, Luciano filed a separate class action lawsuit against Kodak in this Court alleging violations of the FLSA and New York's wage and hour law. That action arises out of Luciano's employment with Kodak, but not for the period of time

when he was employed by Burns. The April 28, 2004 action (hereinafter "Luciano I") was filed on behalf of persons who were employed by Kodak as technical support specialists, and whom Kodak allegedly failed to correctly classify and compensate for overtime. Luciano I is in the process of settlement.

On September 7, 2005, Luciano filed this action against Kodak (hereinafter "Luciano II") alleging that during the time period in which he worked at Kodak as a contract employee through Burns, Kodak failed to pay him and other similarly situated contract employees in compliance with the FLSA and state wage and labor laws. Plaintiff further alleges that Kodak breached contracts with its contract employees. Plaintiff maintains that all of his claims, including his New York Labor Law claim, his other state wage law claims, and breach of contract claims should be maintained as a Rule 23 class action. Furthermore, plaintiff alleges violations of 34 separate states' wage laws as well as those of Washington, D.C. and Puerto Rico, and makes breach of contract claims under the common law of 48 jurisdictions as well as Washington, D.C., and Puerto Rico.

## DISCUSSION

I. Kodak's Motion to Transfer

Kodak's moves to transfer this case to Judge Siragusa on grounds that judicial economy will be served by having one judge handle both Luciano I and II. However, Luciano I has been referred

to me for mediation and settlement purposes and that case is currently being settled by the parties. I will continue to provide settlement oversight in the Luciano I case and am familiar with the details of both Luciano cases. Thus, judicial economy is best served by this Court's continued handling of both Luciano I and II given the similarity of the cases and the extensive investment of judicial time and resources by this court in both cases. Accordingly, Kodak's motion to transfer the Luciano II case to the Honorable Charles Siragusa is denied.

    II. <u>Kodak's Motions to Dismiss</u>

    Kodak maintains that plaintiff's state-law contract claims, state-law wage and hour claims, and claims for injunctive relief should be dismissed for various reasons. I discuss Kodak's claims seriatim.

    A. <u>The State Law Claim wage and Contract Claims</u>

    1.   <u>Plaintiff is not entitled to class-action relief pursuant to his state-law wage and contract claims for claims arising outside of New York State.</u>

    Kodak seeks dismissal of plaintiff's state-law class-action claims on grounds that plaintiff has failed to allege facts that would entitle him to class-action relief. Specifically, defendant argues that Complaint fails to satisfy the requirements of a class action pursuant to Federal Rule of Civil Procedure 23, and therefore, should be dismissed. Plaintiff opposes defendant's

motion on grounds that dismissal of the class-action claims is premature at this early stage of litigation.

Although plaintiff has not yet moved for class certification in this case, a court may decide the issue of certification based on a review of the complaint prior to a party's motion to certify the proposed class. See <u>Reinsich v. New York Stock Exch.</u>, 52 F.R.D. 561, 564 (S.D.N.Y. 1971); <u>Miller v. Motorola, Inc.</u>, 76 F.R.D. 516 (N.D. Ill. 1977). In fact, Rule 23 (c)(1) encourages courts to "at an early practicable time-determine by order whether to certify the action as a class action." See, Fed.R.Civ.P. 23(c)(1).

Under Rule 23(a), one or more members of a class may sue or be sued as representative parties of the class **only if:**

> (1) the class is so numerous that joinder of all members if impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, **and**
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a), emphasis added. The four requirements set forth above are commonly referred to as the "numerosity," "commonality," "typicality" and "adequacy" requirements.

In this case, the plaintiff's state law claims fail to meet the commonality requirement of Rule 23(a)(2), and the typicality requirement of Rule 23(a)(3). The state wage and contract claims lack commonality because they are being brought under 34 separate

wage laws, each with its own peculiar requirements and defenses. Similarly, the breach of contract claims are being brought pursuant to the laws of 48 jurisdictions. Because adjudication of these claims would require the interpretation and application of several different laws of several different states and territories, I find that plaintiff has failed to establish that the state wage and contract claims of the purported class are common amongst the class. See Kaczmarek v. IBM, 186 F.R.D. 307, 312-313 (S.D.N.Y. 1999) ("The prospect of determining the law of all fifty states and then applying the materially different laws that exist...would make this class action too complicated and unmanageable.")

I further find that plaintiff's state wage and contract claims are not typical of the claims of potential class members. Plaintiff alleges that Kodak violated the employment contract with Burns with respect to Kodak's failure to properly pay wages. It is uncontroverted, however, that Kodak employed hundreds of contract workers in different states pursuant to separate contracts with separate employments agencies. Each of these contracts would require individual interpretation under the law of the applicable jurisdiction. Accordingly, I find that plaintiff's breach of contract claim, which is made under New York law and arises out of a contract between Burns and Kodak, is not and can not as a matter of law be typical of the several different breach of contract claims arising under separate and distinct contracts within

different jurisdictions that could be brought against Kodak by contract employees.

Morever, I find that even if the plaintiff could establish the commonality, numerosity, typicality, and adequacy requirements, the plaintiff cannot satisfy any of the requirements of Rule 23 (b), and therefore, plaintiff cannot maintain the state claims of this action as a class action. Rule 23(b) of the Federal Rules of Civil Procedure provides that in addition to meeting all of the factors set forth in Rule 23(a), a plaintiff seeking to maintain a class action must establish:

> (1) the prosecution of separate actions by or against individual members of the class would create a risk of
> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

Initially, I note that Rule 23(b)(2) does not apply in this case.  Rule 23(b)(2) "was never intended to cover causes...where the primary claim is for damages . . . ." <u>Eisen v. Carlisle & Jacquelin</u>, 391 F.2d 555, 564 (2d Cir. 1968), <u>rev'd on other grounds</u> 479 F.2d 1005 (2d Cir. 1973).  Rather, Rule 23(b)(2) "is only applicable when the relief sought is exclusively and predominately injunctive." <u>Eisen</u>, 391 F.2d at 564.  Here, plaintiff's primary goal is an award of damages, and therefore Rule 23(b)(2) is not applicable to this matter.

With respect to Rule 23(b)(3), I find that common issues of law or fact do not predominate over the individual issues applicable to the purported class members. As set forth above, the contract employees at issue were employed in several different states by several different personnel agencies pursuant to several different employment contracts.  The employees worked at several different locations subject to different terms and conditions, and different state laws.  Different remedies are available in each state, and the methods of overtime calculation vary from state to state.  Because the issues common to the purported class members are actually subordinate to the issues unique to each of the individual members, I find that plaintiff has failed to establish a basis for a class action pursuant to Rule 23(b)(3).

Finally, I find that plaintiff has failed to establish that there is a substantial risk of inconsistent adjudications that would require Kodak to adopt incompatible standards of conduct, or that adjudications with respect to some members of the proposed class would prevent other members from fully or fairly litigating their individual state law claims. The adjudication of claims in one jurisdiction pursuant to that jurisdiction's laws will have no preclusive effect on the rights of other employees in other jurisdictions to prosecute their own claims, either individually or as members of a class defined under that jurisdiction's laws and rules. Accordingly, I find that plaintiff has failed to establish that a class action in this case is necessary to avoid inconsistent results.

Based on the foregoing analysis, I find that even if plaintiff could satisfy Rule 23(a), he cannot meet *any* requirement of Rule 23(b). Accordingly, because plaintiff's allegations fail to satisfy the requirements of a class action lawsuit under Rule 23, I grant defendant's motion to dismiss plaintiff's state law wage and contract claims.

 2. <u>Supplemental Jurisdiction over Plaintiff's State-law class allegation claims is inappropriate</u>

Kodak also moves to dismiss plaintiff's state law claims on ground maintains that this Court should not exercise supplemental jurisdiction over those claims.

A court may exercise supplemental jurisdiction over a state claim when the state and federal claims "derive from a common nucleus of operative fact." United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1996). 28 U.S.C. § 1367(c) provides that a court can, in its discretion, decline to exercise supplemental jurisdiction if:

> 1) the claim raises novel or complex issues of State law;
> 2) the [state] claim substantially predominates over the [federal] claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

When deciding whether or not to accept supplemental jurisdiction over ancillary claims, courts consider, *inter alia* whether "judicial economy, convenience and fairness to litigants" favor hearing the state and federal claims together. United Mine Workers, 383 U.S. at 726.

In this case, the plaintiffs claims stem almost exclusively from Kodak's alleged failure to pay overtime to the plaintiff in violation of federal and state laws.  However, considering the number of state laws involved (36 states' wage laws and 50 jurisdictions' breach of contract laws), the number of vendors supplying contract employees to Kodak, the number of contracts involved under which employees were supplied, and the number of contract employees involved, it is clear that the state claims

would present complex issues of state law that would substantially predominate over the FLSA claim.  Such a diverse undertaking deserves the individualized analysis and attention that each state court would provide. Therefore, this court, in the exercise of its discretion, declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. 1367(c)(1) and 28 U.S.C. 1367(c)(2) over the state law wage and contract claims because those claims raise complex, diverse issues of state law that will substantially predominate over the FLSA claim. Therefore, pursuant to Rule 12(c), Kodak's motion to dismiss the state law claims with the exception of the claims made under New York law is granted.

    B.   Claims for Injunctive Relief

Kodak maintains that plaintiff's request for a preliminary and permanent order restraining Kodak from engaging in any pay violations should be dismissed because individual injunctive relief is not available under the FLSA and it is not appropriate for this Court to grant injunctive relief pursuant to the plaintiff's state law claims.

    It is well settled that the FLSA does not give a private individual the right to obtain an injunction, but instead gives this right only to the Secretary of Labor. Mulverhill v. New York, No. 91-cv-1282, 1997 U.S. Dist. LEXIS 10109, at * 24-25 (N.D.N.Y. July 11, 1997). Accordingly, I grant defendant's motion to dismiss plaintiff's claims for injunctive relief under the FLSA.  With

respect to plaintiff's state law claims for injunctive relief, I decline to exercise supplemental jurisdiction over those claims. The availability of injunctive relief under state law is unsettled under New York law, and therefore the question most appropriately should be resolved by New York State courts. With respect to plaintiff's state law claims for injunctive relief pursuant to the wage laws of states other than New York, I decline to exercise supplemental jurisdiction over those claims. Accordingly, I grant defendant's motion to dismiss plaintiff's claims for injunctive relief.

   II.   The Plaintiff's Consent Form

Kodak maintains that the plaintiff's "opt-in" form is improper and should be dismissed pursuant to Rule 12(f) because it uses the language of "named plaintiff" instead of "representative plaintiff." I find analysis of the "opt-in" form to be premature at this time, as no class action has been certified, and accordingly I deny defendant's motion to strike or dismiss the opt-in form.

                              CONCLUSION

For the reasons set forth above: 1) defendant's motion to transfer the case to Judge Siragusa is denied; 2) defendant's motion to dismiss the state law class allegations is granted; 3) defendant's motion to dismiss the state law claims is granted with the exception of plaintiff's claims under New York law; and 4) defendant's motion to dismiss plaintiff's claim for injunctive

relief is granted. The Court deny's defendant's motion to strike or dismiss the "opt-in" form.  Plaintiff's collective action claims under the FLSA on behalf of contract employees employed both in and out of New York State remain pending, as do plaintiff's individual claims pursuant to New York statutory and common law.

ALL OF THE ABOVE IS SO ORDERED.

                                        S/Michael A. Telesca
                                          MICHAEL A. TELESCA
                                  United States District Judge

Dated:    Rochester, New York
          May 25, 2006